Call the last matter of the day, Zambelli Fireworks v. Matthew Wood in pyrotechnicum. Seems to be getting a lot of activity out of the Newcastle area. Morning, Your Honors. My name is Pat Sorek. I represent the defendant in the court below and the appellant here, Pyrotechnico FX LLC. We did a joint brief on the merits with the other defendant, Matthew Wood, and I was going to do the argument on that. The court asked for separate briefs on jurisdiction, and we did separate briefs, but the issue was so simple, I thought I would do that as well, but I did. We didn't ask to divide the time, but I did want to introduce co-counsel for Mr. Wood, Mary McGinley. She's available here if the court has any questions or wants to hear anything particular on his position that I don't cover. I'd like to reserve three minutes for rebuttal. Go ahead. The court asked for supplemental briefs on subject matter jurisdiction. The court raised the issue on its own. Further research and document review demonstrates that there is no subject matter jurisdiction in this court. No federal court, and it's not an insult to the court or the court below to say that the federal courts are courts of limited jurisdiction, no federal court has the power to enter orders in this action because there's no diversity. Zambelli sued an LLC. The LLC has the citizenship of all the members, like a partnership. FX, the sole member of Pyrotechnico FX, my client, is another LLC, Pyrotechnico of Louisiana. A member of Pyrotechnico of Louisiana is Steven Vitale. Vitale is a citizen of Pennsylvania. He lives in New Castle, and that's where plaintiff comes from. Diversity and subject matter jurisdiction implicate the power of the federal court to issue any order or take any action. The implications extend well beyond the parties to two fundamental principles of governance, and while it's not quite the same gravity, there is a separation of powers issue here. Mr. Sorek, I think we probably understand all that, but what should we do? One choice would be to find that your client is not a dispensable party or not an indispensable party, and we could dismiss Pyrotechnico, and that would bring back diversity, would it not? We don't believe the law supports that decision, Your Honor, and I'll tell you why. I was going to mention separation of powers and federalism so that we could compare it to, at least I could in my argument, Rule 21. Rule 21 is a party sorting mechanism. When you have these extremely important fundamental issues of governance, separation of powers and federalism, that is federal courts should not be doing the work of state courts, and the precedent that upholds those fundamental principles of governance, that absolutely trumps this party sorting process of Rule 21. That's the reason I was going in that direction, but I understand your question. The other answer to the question that we would suggest to the Court, the Supreme Court in ExxonMobil v. Allapattah Services, 545 U.S. 553 says, quote, in a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same state as a single defendant deprives the district court of original diversity jurisdiction over the entire action. We would say that's what the precedent is. But to address the answer to the question, we believe the Court has to dismiss the entire action. Is there any, to get very practical, is there any prejudice to your client or to Mr. Wood by our simply dismissing pyrotechnics from the case? We believe that's, yes, there is prejudice because for one matter, the Court, if it's going to dismiss or apply Rule 21, should do so in terms that are just. And if we're going to be dismissed, we should be dismissed with prejudice. But the point that I want to make is- How can we dismiss with prejudice if we didn't have jurisdiction? Your Honors, I don't profess to be able to describe this party sorting process because I don't believe it applies. The subject matter jurisdiction is the power switch that allows the Court to issue any order. We say that the Court can't issue an order, can't do this sorting because it does not have any authority. Do you have a case to cite for that? The case that I just read, Your Honor, the Supreme Court case that says when you have multiple- ExxonMobil? ExxonMobil, sure. And the practical argument is this. The plaintiffs should be judicially stopped from making this claim that you can't sort the parties. Here's why. Pyrotechnico was named on four of seven counts in the complaint. We were accused of a conspiracy and all manner of illegal conduct. We went through two rounds of written discovery. They compelled production of attorney-client documents from us. They deposed our manager. They caused us to rearrange the way we do business, put us to extremely significant expense, and the order includes us. So can we be dispensable? Are we a dispensable party? Of course not. Why? The way they pleaded the case. In other words, you can't just say, here's someone who wasn't involved because the way they brought the case and persuaded the district judge to find against us involves us. In other words, there's a common nucleus of operative fact in the way they brought the case so that when this court says, well, let's think about untangling everything, the answer is, well, we can't untangle because the facts that we know, as brought by this party whose job it is to show us jurisdiction, can't be untangled. So it's not like a case where there's a John Doe. It's not like a case where, I believe, one of the Supreme Court cases. So you say you're an indispensable party? Yes. Okay. And we don't have to prove it. It's the way they pleaded it. You're saying, based on the pleadings, you're an indispensable party? Correct. And if you were not an indispensable party, as they've acknowledged, you could be dismissed and we would bring back diversity of jurisdiction in this case? I don't believe the court can bring back jurisdiction because there's only one. Jurisdiction would exist. I don't believe jurisdiction exists because there was never diversity of the parties. If you were dismissed, if pyrotechnica were dismissed, jurisdiction would exist. If pyrotechnica were dismissed, it's possible they could have brought the case against Matthew Wood. But they didn't. Shouldn't this matter go back to the district court for them to determine whether or not you or your client is an indispensable party and whether or not there's some prejudice? It shouldn't, Your Honor, because the power switch, the on switch for the district court to issue any order against us has not been turned on. The court has no authority. It's the bedrock of jurisdiction, the Cambria savings and loan case. From the very start and throughout the case, the plaintiff has to show we have jurisdiction. Judge McVeary can't do this sorting process because he doesn't have diversity jurisdiction. It starts from the moment the case is filed and is a requirement all the way through. He can't sort because we're in there. The reason we're in there is not some accident or because there's a multiplicity of parties. They set the stage. They collected the facts and showed the court who was involved. We were involved. We were the bad guys. Wasn't it also your responsibility to bring the jurisdictional issue to the district court's attention? The answer is yes. There has been a lot of soul searching. I don't think there's an excuse. There's an explanation. For my part, I guess what I thought was the word company would invoke LLC. I had an idea of partnerships, but partnerships are different, made of members. Of course, the distinction is corporations and human beings on one hand. All other entities, you have to look at the citizenship of the human beings and corporations that make it up. But the court well knows that there can't be collusion. There can't be agreement. There is no waiver. This is a question of the courts always checking on its power to enter an order, which it never had. I'm going to forego argument on the merits unless the court wants to hear it. This is not a merits question, but have the parties here stepped back from this controversy and asked what they are currently litigating about? If I understand correctly, the injunction issue will become moot on the 22nd of February, three and a half months from now. So if we decided this case from the bench, you'd be fighting over three and a half months of restraint. I realize there are damage claims. There are claims, but that was one of the things that we contended down below, that there was no proof of damages. We argued that. I can address that, Your Honor, if you have questions. Yes, that's a good question. February is the end of the restrictive period. We have tried to talk to each other and have so far been unsuccessful. But your point is well taken. We have mediated. We've made approaches to mediate. We would still be willing to talk. But given what happened down below, we believe we had to proceed forward. There is a large question of responsibility for fees. I believe that's what has been driving the continued litigation. All right, thank you. Thank you, Your Honor. Mr. Willard. Good morning, Your Honor. My name is Mark Willard, and I represent San Billy Fireworks. We submit the jurisdictional issue that this case represents a classic situation for the remedial application of Rule 21. It's clear that Rule 21 applies here. This case has gone on for over a year.  I have a 33-page opinion from Judge McVeary, and to grant the relief requested by the plaintiffs would simply throw it out. That is exactly what Rule 21 is supposed to allow not to happen. In the exercise of this Court's discretion and in considering fairness, judicial economy, scarcity of judicial resources, a lot of work went into this case by the district court as well as the parties. It's been by the district court. And I would submit that an application of Rule 21 to this case, dismissing Pyrotechnico as a non-diverse and indispensable, it's not an indispensable party in this case by any means, would contour the case and allow the court to preserve as much of the case which is properly before it. Why don't you just discontinue your complaint as it applies to Pyrotechnico? I don't know that we could do that on appeal. I mean, we're conceding the point, something we hadn't considered. But the result, that's the result that we would like to see, that Pyrotechnico goes out of the case to preserve the jurisdiction. In the heat of a preliminary injunction, somehow this got past, it certainly got past me. I saw, you know, the sole member of a Nevada LLC is a Louisiana LLC. It just didn't go any further than that, and perhaps it should have. The court didn't pick it up, nor did, most interestingly, the counsel for the LLC. But we think that the case of Newman Green versus Alfonso Lorraine, it's a United States Supreme Court case, 1989. That court, that case held that Rule 21 invests district courts with the authority to allow a dispensable non-diverse party to be dropped at any time, even after judgment has been entered. And the court said nothing but a waste of time and resources would be engendered by remanding to the district court or by forcing these parties to begin anew. Helps you. Thank you. In case I fail to make my point explicitly. Well, this court has exercised that discretion, which was also acknowledged as being a power of an appellate court as well to do that. You don't have to remand to do this. You can drop a party at this level of this case. And this court has done so in the cases we cited in our brief, as well as in Botla Resort Development Corp., 990 Fed Second, 780, a 1993 case. Public or Industries versus Roman Ceramics, 603 Fed Second, 1065, a 1979 case. We just would urge the court that in a situation such as here, where the parties are so far down the road, unlike the Exxon case where Rule 12 challenges jurisdiction, that in considering judicial efficiency, the preservation of scarce judicial resources to allow this case to proceed before a judge who's already intimately familiar with the facts of the case. Let's go ahead and proceed to the merits here. We're here because the district judge entered a preliminary injunction. And as you know, Rule 65A says that a court can enter an injunction only if it requires a bond in an amount set by the court. And while we have recognized a few very narrow exceptions to that, we have said it's very narrow and you've got to explain why you're doing it. How can this be a valid preliminary injunction when he did not enter a bond or require a bond to be entered? Well, as you know, the court acknowledged the rule and invited the parties to seek a bond. But it's not a matter of invitation, is it? It is, as Judge Stapleton's question and comment make clear, a requirement of the rule subject to some very narrow exceptions. Judge Smith, one of the narrow exceptions that the courts have recognized, this court has recognized at least, is that there's no risk of monetary loss to defend that. And Judge McVeary expressly found that. In finding of fact number 61, and I'll quote it, Pyrotechnico agreed to pay Wood his salary for two years should he be enjoined and to indemnify Wood for his litigation expenses. Wait a minute, wait a minute. There's a bit of irony there. I mean, a bond is intended to assure that the person enjoined is going to be compensated should it ultimately turn out that he or she was wrongfully enjoined. And to say, well, we're going to ignore that because he has an insurance policy. He's got an insurance policy. I mean, that's like saying to a tortfeasor, you don't have to pay anything to the plaintiff because the plaintiff's got insurance. And his insurance company is going to pay him for anything he's lost. And that can't be a valid reason for no bond, can it? Well, if it's also in conclusion of law number 27, Judge McVeary made a specific finding that Wood will not suffer direct monetary. But you've cited to, whether it's a finding or a conclusion, you said both. And your citation to the other portion of the opinion, but neither of those points, if you will, were made by the district court with reference to a discussion of Rule 65C, were they? The court did not point to that. No, it did not. Let me suggest this. What's our standard of review of whether or not the district court committed error Standard of review is that there was a clear abuse of discretion, an error of law, or a clear mistake in the consideration of the proof. And that's the standard. I'm coming up on an appeal from a grant of a preliminary injunction. But let me suggest to the court that the injunction in question may not be a preliminary injunction at all. Keeping in mind, Rule 65C applies only to preliminary injunctions and temporary restraining orders. This injunction was entered for a period of two years after a full three-day hearing on the issue of whether an injunction should be issued. It was not made subject to further order of court until the next hearing or anything. It's a two-year injunction. And I would submit to the court that on a de facto basis, Any of us who have tried preliminary injunction matters know that as a practical matter, more often than not, a full evidentiary hearing on a preliminary injunction is going to lead to, eventually, the final injunction determination. But there has to be some determination to that effect. There was nothing here. Do I understand your argument to be simply the life of this case and the life of this preliminary injunction somehow thereby transmute this matter into a final injunction? Is that your argument? It is an argument that I'm making because it's not subject to any further proceedings. However, the failure to enter an injunction bond at this juncture can be easily remedied. If this case is going to be remanded back to the district court, it could be remanded with instructions to reapply for an injunction bond. And as Judge Stapleton pointed out, we're down to about four months here. So I expect it wouldn't be much of a bond. It will be a short-lived injunction. A short-lived injunction. Thank you very much. Well, let me, out of curiosity, let me ask a question. The district court said, got to the point, said, I find that there's a probability of success here. On the merit. And I'm going to weigh the harm possibility and extent of harm to the defendant from issuing a preliminary injunction and the harm and the extent thereof to the plaintiff in not entering an injunction. And he said, I find that this issue is influenced largely by the fact that the defendant, what did he say, risk undertook, assumed the risk of litigation. Was that an appropriate way of balancing the potential harm to one party or the other from granting or not granting the, seems like sort of a disconnect. Your Honor, I think that part of that was based upon prior discussion in the opinion where the court found that the parties deliberately breached the agreement. What happened here, the transaction that occurred in May of 2007 with Zambelli, was simply some Zambelli shareholders, family members, selling some stock to some persons who were not Zambelli. And what happened, if that had been, that was the actual transaction, what Steve Vitale testified to was that he assumed it was an asset purchase. And he assumed that Zambelli shareholders or the company had sold its assets to a new entity and that there was no assignment of the Mountwood Employment Agreement. And under Pennsylvania law, they would have been right if they had guessed right. But they guessed wrong. It was, in fact, a stock sale. And as the court found, they deliberately proceeded, perhaps under the misconception that it was an asset sale, to proceed to breach the agreement. So, in effect, the district court said it was bad faith litigation here? Bad faith? We have not alleged bad faith, but we have alleged, you know, knowing and intentional conduct in proceeding in the face of the clear language of the employment agreement. And Pyrotechnico had been given notice and a copy of the employment agreement just to make sure. So, we regarded it as proceeding with deliberate intent. Thank you. Thank you. Thank you very much, Mr. Woolard. Mr. Sorek. Mr. Sorek, returning to the area of the bond, which you didn't have an opportunity to speak to during your initial argument, there was a motion for reconsideration filed in the district court. And there was a footnote in that motion for reconsideration about reserving the right to seek a bond. Do you know what I'm referring to? I do. But our – oh, I'm sorry. I interrupted you. Well, I'm curious about it, just what was intended by it. Well, we believe it's just as you suggested with your question. We don't have to ask for a bond. It's in the rule. Well, then you didn't have to include a footnote like that, and neither say you were reserving a right to seek one. That's why I'm curious about what you were asking. We wanted to give – You didn't otherwise bring it to the attention of the district court in any other way, recognizing, of course, that my questions have suggested the rule says what it says. But I suppose we would then say that's how we brought it to the court's attention. And we believe we didn't have to. In rebuttal, we believe the court can't balance the imperatives of subject matter jurisdiction versus the sorting of parties under Rule 21. It's not a matter of fairness or judicial autonomy. It goes to the first question of can the court rule. The second point is the plaintiffs are foreclosed through judicial estoppel, if nothing else, or their lack of persuasiveness from arguing indispensability. They just kind of got into a description of why we weren't dispensable, about what bad parties we were. And the comment about us being so far down the road in time wise, yes, it's a plenary injunction, Your Honor. We're not that far down the road. The issue of no risk of monetary loss. Pyrotechnico from the start and to this day has kept Mr. Wood in the back room. He could be a tremendous producer. The idea that there's no risk of monetary loss is not reasonable in the slightest. This is a commercial entity. The tiny exception for not requiring bond might be for a charity, for an indigent person. So that is just error. Pyrotechnico actually, for an invalid plenary injunction, I'm sure is losing tens of thousands of dollars. With regard to Judge Stapleman's question, Judge McVeary said, in reasonably balancing the harms, the court is influenced by the fact that the defendants made a knowing, calculated decision to breach the agreement in the hope it would be unenforceable. And so, for one thing, what does that have to do with the harm? I mean, that's just kind of painting us with a broad brush. And the other point is, I think as you picked up, Judge, how can you ever have a test case? If you're going to be, if a test that you wind up on the wrong end of after a court adjudicates it, is going to be weighed against you, that's not a balancing of harm. That's an error. And our argument would be that error colored all of the judge's other determinations, all of its findings and all of its conclusions. And it should not have done that. If we believe a contract has flaws in it, we should be able to go to a court and make some claims without having just our challenge be held against us. Thank you. Thank you, Mr. Seward. Thank you, counsel, for arguments and an interesting case with a number of dimensions to it. We will take it under advisement and we will ask the clerk to adjourn the proceedings.